IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dantae Raheeve Stukes, | ) | Case No. 0:19-cv-03087-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **AMENDED ORDER** |
| | ) | |
| Warden, Ridgeland Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").   On March 25, 2020, Respondent filed a Motion for Summary Judgment and a Return and Memorandum.[1]  ECF Nos. 43, 44.  Petitioner filed a Response in Opposition.  ECF No. 53.  On June 16, 2020, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and the Petition be denied.   ECF No. 63. Petitioner filed objections; Respondent filed a reply.  ECF Nos. 65, 66. On July 21, 2020, this Court issued an Order adopting in part and declining to adopt in part the recommendation of the Magistrate Judge, granting the Motion for Summary Judgment,

_____

[1] Both parties have filed additional motions which will be addressed below.

and denying the Petition.  ECF No. 68.  Plaintiff filed a sur-reply without leave of Court on July 27, 2020.  ECF No. 71.  Out of an abundance of caution for a pro se Plaintiff, the Court has considered the sur-reply and issues this Amended Order.

## **APPLICABLE LAW**

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### *Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Id.* Bypass can occur

3

at any level of the state proceedings if a state has procedural rules that bar its courts from

considering claims not raised in a timely fashion. *Id*.

The Supreme Court of South Carolina will refuse to consider claims raised in a

second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-

27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to

file a direct appeal or a PCR application and the deadlines for filing have passed, he is

barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

have applied a procedural bar to a claim because of an earlier default in the state courts,

the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme

Court explained:

> [State procedural rules promote] not only the accuracy and
> efficiency of judicial decisions, but also the finality of those
> decisions, by forcing the defendant to litigate all of his claims
> together, as quickly after trial as the docket will allow, and
> while the attention of the appellate court is focused on his
> case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for

noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged

constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at

533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed

to comply with state procedural requirements and cannot make the required showing of

cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 298 (1989).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the

5

petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice.  To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent.  *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary.  *Carrier*, 477 U.S. at 496.

### Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

7

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 650.

## DISCUSSION

In Respondent's Return and Memorandum, he argues that the Petition is time-barred.  The Magistrate Judge engaged in a thorough analysis of Petitioner's various filings and determined that the Petition is untimely.  However, in his objections to the Report, Petitioner provided a copy of a pro se Petition for Habeas Corpus Relief to the Supreme Court of South Carolina and the order of that court denying the Petition.  ECF No. 65-1.  In his Reply, Respondent explains that he was unable to find the filing in the C-Track database; however, Respondent contacted the Clerk of Court for the Supreme Court of South Carolina who confirmed that the Petition was filed and ruled upon. Accordingly, Respondent concedes that the Petition filed in this Court is timely. Therefore, the Court will turn to the merits of Petitioner's claim.

Petitioner raises one ground in his Petition, as follows:

**GROUND ONE:**     Actual Innocence

*Supporting facts*:     Two affidavit, a witness testimony at post-conviction relief, and another witness that will testify to me being over two and a half hours

> away.  My own declaration of innocence at the sentencing phase of
> my trial.
>
> 1) Witness at post-conviction relief.  (PCRT, i7, L2–T18, Lt2)
> 2) My declaration (T.327, L3–6)

ECF No. 1 at 5.  Petitioner attached an affidavit from Marie Moore, which provided,

> I Marie Moore reside in Sumter SC.
>
> 2) I know Dantae Stukes, he is my son.  I am familiar with his
> case.  Had I been subpoenaed at his PCR, I would have
> testified to Dantae staying with us the first six or seven months
> of 2009 on thurs. nite due to the fact he had to be at work early
> on fri. Dantae will call when he is about to the house for
> Eugene to open the door.  Prior to Dantae going to bed he
> inquire about his grandmother to me whom was very ill at the
> time whom lived in New York.
>
> 3) I redacted my address and phone number.  I will provide
> both upon the request of the court.

ECF No. 1-1.  Petitioner also attached an affidavit from William C. Harrison, which

provides,

> To Whom it May Concern:
>
> During the first six months of 2009, I frequented an
> establishment called Imperial Fine Foods and Dining.  the
> majority of my visits took place there on Thursday evenings.
> I used to see Dontae Stukes in the venue and we spent time
> there fellowshiping along with others.  It seem to be both of
> our best days for meeting and we always had a good time
> discussing life and many social issues.

*Id.*

Federal habeas relief is available only on claims involving a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). A claim of actual innocence does not present a recognized question of federal law. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Given that a freestanding claim of actual innocence has not been specifically recognized by the Supreme Court, the petitioner's claim of actual innocence should not be considered cognizable in federal habeas. *McQuiggin v. Perkins*, ___ U.S. ____, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.").[2]

## <u>CONCLUSION</u>

Therefore, the Court respectfully declines to adopt in part the Report of the Magistrate Judge. The Court declines to adopt the entirety of Report with respect to her analysis of the statute of limitations because the information available to the Court has changed and not as a result of any flaw in the Magistrate Judge's reasoning. Respondent's motion for summary judgment [44] is **GRANTED** and the Petition is

---

[2] The Court notes that in his sur-reply, Petitioner argues that a free-standing claim of actual innocence is permitted under the South Carolina Constitution. ECF No. 71 at 2. However, errors under the South Carolina Constitution or Code do not entitle Petitioner to federal habeas relief.

**DENIED**.  The Court adopts the recommendation of the Magistrate Judge with respect to the remaining motions.  Petitioner's motion for summary judgment [55] is **DENIED** and all other motions [12, 16, 45] are **FOUND as MOOT**.

<u>**CERTIFICATE OF APPEALABILITY**</u>

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

August 19, 2020
Spartanburg, South Carolina

11